```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LUCILLE WEST and JOHN W.       :      CIVIL ACTION
WEST, JR., h/w                 :
                               :
     v.                        :
                               :
DARIN MOLLETTA d/b/a MOLLETTA  :
PERSONAL CARE HOME, INC., et al.:     NO. 06-cv-01348-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    January 27, 2009

      Indigent persons who are homeless may apply to an intake center operated by the City of Philadelphia and, if found eligible, will be referred to a state-licensed boarding home or homeless shelter. One such homeless shelter is operated by the defendant Molletta Personal Care Home, Inc., which operates a facility at 3212 N. 17th Street, Philadelphia, Pennsylvania.

      Plaintiff Lucille West resides in the vicinity of the Molletta shelter. On March 8, 2004, she was walking home from work when she was stabbed, at the corner of 16th Street and Westmoreland Street. Her assailant turned out to be the defendant Robert Horsey, a resident of the Molletta homeless shelter. Plaintiff and her husband have brought this action to recover damages for her injuries. The only remaining defendant is the City of Philadelphia, which has filed a motion for summary judgment.

      Plaintiffs have conceded that they have no valid negligence claim against the City of Philadelphia (such claim

being precluded by the Pennsylvania Political Subdivision Tort Claims Act). The remaining claim is based on § 1983, for violation of plaintiff's constitutional rights.

It is undisputed that, under the contractual arrangements between the City of Philadelphia and the defendant homeless shelter, the shelter is not a prison and has neither the obligation nor the authority to restrain the freedom of persons referred to the shelter by the City. It is undisputed that, when a homeless person applies to the City for assistance, the City does not undertake any extensive background investigation. If satisfied that the applicant is indeed in need of assistance, the City merely refers the applicant to a homeless shelter, and thereupon obligates the City to pay the shelter $12 per night for each night a bed is occupied by the applicant. Similarly, the shelter makes no investigation of its own.

Thus, for present purposes, neither the City nor the shelter has control over the resident, nor any responsibility for actions which may be taken by such resident. And, on the present record, it is indisputable that placing a resident in a homeless shelter, or accepting a resident at such shelter, does not in any way increase the likelihood that persons in the position of plaintiff will suffer harm. There is thus no conceivable basis for a valid § 1983 claim against any of the defendants. DeShaney

v. Winnebego County Dept. of Soc. Serv., 489 U.S. 189 (1989); Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997).

Plaintiffs apparently contend that liability can be predicated upon the fact that neither the City nor the shelter conducted a thorough background investigation of Mr. Horsey. On the undisputed facts, however, the defendants were under no obligation to conduct such an investigation. The primary object of their activities was to provide shelter and food for the needy. The residents at the shelter were no more dangerous as a result of residing in the shelter than they would have been anywhere else.

I have therefore concluded that the defendant's motion for summary judgment must be granted. An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LUCILLE WEST and JOHN W.        :     CIVIL ACTION
WEST, JR., h/w                  :
                                :
          v.                    :
                                :
DARIN MOLLETTA d/b/a MOLLETTA   :
PERSONAL CARE HOME, INC., et al.:     NO. 06-cv-01348-JF
```

ORDER

AND NOW, this 27th day of January 2009, upon consideration of defendant's motion for summary judgment, IT IS ORDERED:

1. The motion of the defendant City of Philadelphia for summary judgment is GRANTED.

2. JUDGMENT is ENTERED in favor of the defendant City of Philadelphia and against the plaintiffs.

3. All other issues having been settled, the Clerk is directed to close the file.


                                   BY THE COURT:


                                   /s/ John P. Fullam
                                   John P. Fullam, Sr. J.